UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.Y.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INSTANT BRANDS, INC.,<br><br>　　　　Defendant. | Case No. 20-cv-01084-MMC (DMR)<br><br>**ORDER ON JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 38 |

　　　　The parties filed a joint discovery letter brief on January 22, 2021 in which Plaintiff V.Y. moves to compel Defendant Instant Brands, Inc. to provide additional documents in response to Plaintiff's request for production ("RFP") no. 1 and to serve complete responses to six interrogatories. [Docket No. 38.] The discovery letter brief is granted in part and denied in part, without prejudice, as follows.

　　　　RFP no. 1 asks Defendant to produce "documents relating to the design, manufacture, testing, and quality control of the instant unit" that are in its "possession, custody or control." Jt. Letter Ex. 1 at ECF pp. 2-3. Plaintiff argues that Defendant has failed to produce responsive documents that it identified in its initial disclosures. Jt. Letter 2. In response, Defendant states that Guangdong Midea Consumer Electric Manufacturing Co., Ltd. ("Midea") is the manufacturer of the product at issue in this litigation and that "Midea may be in possession of responsive documents." Jt. Letter 3; *see also* Def.'s response to RFP no. 1 ("It is believed that additional documents related to the design, manufacture, testing and quality control of the IP-DUO60 may be in the possession of Midea."). However, it is not clear whether either side argues that responsive documents in Midea's custody or possession are or are not in Defendant's "control," which is defined as "the legal right to obtain documents upon demand." *In re Citric Acid Litig.,* 191 F.3d 1090, 1107 (9th Cir. 1999) (quoting *United States v. Int'l Union of Petroleum & Indus. Workers*,

870 F.2d 1450, 1452 (9th Cir. 1989)).  The parties do not address this issue at all in the joint letter.  Further, Defendant states that on January 19, 2021, it produced an additional 401 pages of responsive documents.  Plaintiff does not discuss the sufficiency of Defendant's supplemental production.  *See* Jt. Letter 3.  Therefore, the court lacks sufficient information to analyze the parties' dispute about this RFP.  Accordingly, the parties shall meet and confer in accordance with the undersigned's Standing Order regarding Defendant's response to RFP no. 1.  If the parties are unable to reach agreement, they shall submit a joint letter that does not exceed three pages on this issue by no later than February 18, 2021.  If Plaintiff contends that Defendant has the legal right to obtain responsive documents from Midea, she must submit evidence supporting any such claim.  The parties' joint letter may not incorporate by reference any previous submissions.

As to the interrogatories, the court concludes that Defendant's responses to interrogatory nos. 5, 6, 7, 15, 22, and 23 are deficient.  Each of these interrogatories asks for information about Defendant's *own* actions and communications, and not information in Midea or another entity's possession.  For example, no. 5 asks, "[i]dentify all design specifications that you discussed with manufacturers regarding the safety devices of the Instant Pot Due 60 V2 pressure cooker."  This interrogatory specifically asks Defendant to identify certain discussions it had with manufacturers, which is information within Defendant's own knowledge.  Plaintiff is entitled to a full, complete response that either identifies any and all such discussions or states that no such discussions occurred.  The remaining interrogatories ask for similar information within Defendant's own knowledge and Plaintiff is entitled to full, complete responses to each of them.  Defendant shall serve amended responses to the six interrogatories within seven days of the date of this order.

**IT IS SO ORDERED.**

Dated: February 10, 2021



Donna M. Ryu
United States Magistrate Judge

2